ATTORNEY GENERAL LOVING HAS REQUESTED THAT I RESPOND TO YOUR LETTER DATED MARCH 12, 1992 WHEREIN YOU ASK VARIOUS QUESTIONS RELATIVE TO LIMITATIONS ON THE ACTIVITIES OF A PROSPECTIVE APPOINTEE TO THE OKLAHOMA ETHICS COMMISSION. DUE TO THE FACT THAT OUR LEGAL ADVICE IS LIMITED TO QUESTIONS OF LAW AND BECAUSE PARTICULAR RESPONSES TO YOUR INQUIRIES MAY DEPEND ON FACTUAL NUANCES, WE ARE UNABLE TO PROVIDE YOU WITH AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
YOUR LETTER INDICATES THAT THE PROSPECTIVE APPOINTEE IS NOT A REGISTERED LOBBYIST BUT ADVISES HIS EMPLOYER AND ITS EMPLOYEES ON GOVERNMENTAL RELATIONS AND POLITICAL LAW COMPLIANCE. THE EMPLOYER MAKES POLITICAL CONTRIBUTIONS AND ENGAGES IN POLITICAL ACTIVITIES.
THE PROVISIONS OF ARTICLE XXIX, SECTION 1 OF OKL. CONST. CONTAIN NUMEROUS RESTRICTIONS RELATIVE TO THE QUALIFICATIONS OF MEMBERS OF THE ETHICS COMMISSION (E.G. POLITICAL AFFILIATION) BUT ONLY ONE RESTRICTION ON THE ACTIVITIES OF MEMBERS. THAT RESTRICTION PROVIDES THAT NO MEMBER IS ELIGIBLE FOR ELECTED OFFICE FOR TWO YEARS AFTER COMPLETING HIS TERM.
THE PRIMARY RESTRICTIONS ON THE ACTIVITIES OF MEMBERS OF THE COMMISSION MAY BE FOUND AT 74 O.S. 4203 (1991). THE STATUTE FORBIDS THE FOLLOWING:
"1. HOLDING OR CAMPAIGNING FOR STATE OR LOCAL OFFICE,
 2. SERVING AS AN OFFICER OF ANY POLITICAL PARTY OR POLITICAL COMMITTEE,
 3. SUPPORTING OR OPPOSING IN NAME OR BY CONTRIBUTION ANY CANDIDATE OR PROPOSITION,
4. PARTICIPATING IN ANY POLITICAL CAMPAIGN,
5. LOBBYING OR ASSISTING A LOBBYIST,
 6. SELLING, RENTING OR LEASING AS AN INDIVIDUAL OR THROUGH A BUSINESS, IN WHICH HE HAS SUBSTANTIAL INTEREST, ANY GOODS, SERVICES OR PROPERTY TO THE STATE,
7. BEING EMPLOYED BY THE STATE OR ANY COUNTY, OR
 8. RECEIVING ANY COMPENSATION FOR REPRESENTING OR ASSISTING ANY PERSON OR BUSINESS IN ANY TRANSACTION INVOLVING ANY COUNTY OR THE STATE OR REPRESENT ANYONE BEFORE ANY STATE AGENCY, EXCEPT A COURT OF LAW."
THE FACTS OUTLINED IN YOUR LETTER DO NOT APPEAR TO IMPLICATE ANY OF THE PROHIBITIONS OF 74 O.S. 4203 (1991), EXCEPT SUBPARAGRAPH (5). WHILE WHAT CONSTITUTES THE ACTIVITY OF "ASSISTING A LOBBYIST" HAS NOT, TO OUR KNOWLEDGE BEEN OFFICIALLY ADDRESSED, IT WOULD APPEAR THAT THE TERM REFERS TO ASSISTING A LOBBYIST IN LOBBYING EFFORTS, AS THAT TERM IS DEFINED IN THE ACT. WHETHER ANY ACTIVITY OF THE NOMINEE ASSISTS A LOBBYIST, OR VIOLATES ANY OTHER OF THE PROHIBITIONS OF 74 O.S. 4203, IS STRICTLY A QUESTION OF FACT WHICH MUST BE ADDRESSED BY THE PROSPECTIVE APPOINTEE.
IT SHOULD ALSO BE NOTED THAT 74 O.S. 4203.1 PROVIDES NUMEROUS INSTANCES WHERE A MEMBER IS REQUIRED TO DISQUALIFY DUE TO VARIOUS CONFLICTS OF INTEREST. THE PROSPECTIVE APPOINTEE SHOULD BE MADE AWARE OF THESE PROVISIONS AS WELL. I HAVE ATTACHED COPIES OF 74 O.S. 4203 AND 74 O.S. 4203.1 ALONG WITH COMMISSION RULES 257:1-1-4, 5 WHICH ESSENTIALLY PARROT THE STATUTORY PROVISIONS DISCUSSED HEREIN.
(DOUGLAS B. ALLEN)